James M. Baratta (SBN 054890)
Lance D. Orloff (SBN 116070)
GRANT, GENOVESE & BARATTA, LLP
2030 Main Street, Suite 1600
Irvine, CA 92614
Telephone: (949) 660-1600
Facsimile:  (949) 660-6060
Email: jmb@ggb-law.com; ldo@ggb-law.com
4615-026

Attorneys for Plaintiff, NATIONAL FIRE & MARINE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY, a Nebraska corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>CALIFORNIA MINIMALLY INVASIVE SURGICAL CENTER, INC., a California Corporation; JOHN C. CHIU, M.D.; STAN GERBRANDT; AND WIJA CARBAJAL,<br><br>    Defendants. | Case No. 2:21-cv-08462<br><br>**COMPLAINT FOR RESCISSION OF CONTRACT AND DECLARATORY JUDGMENT (28 U.S.C. § 2201(a))** |

Plaintiff, National Fire & Marine Ins. Co., alleges its claims against Defendants, California Minimally Invasive Surgical Center and John C. Chiu, M.D., as follows:

A. Jurisdiction and Venue

1. The amount in controversy herein exceeds the sum of $75,000, exclusive of interest and costs.

2. This Court has original diversity subject matter jurisdiction under the provisions of 28 U.S.C. § 1332(a)(1).

3. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(a)(1) and (3) because this is a civil action in which subject matter jurisdiction is founded only on diversity of citizenship, is brought in a judicial district where all Defendants reside, and is also a judicial district in which all Defendants are subject to personal jurisdiction.

B. The Parties

4. Plaintiff, National Fire & Marine Insurance Company, is and was a corporation duly qualified to do business in the State of Nebraska as an insurance company, with its principal place of business in Omaha, Nebraska, and authorized to conduct insurance business as a non-admitted insurer in the State of California.

5. Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, California Minimally Invasive Surgical Center, Inc. (CMISC) was and is a limited liability corporation organized and existing under the laws of the State of California, with its principal place of business located in Ventura County, California, and a citizen of the State of California.

6. Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, John C. Chiu, M.D., was and is a resident domiciled in the State of California and a citizen of the State of California, County of Ventura, and the medical director of California Minimally Invasive Surgical Center, Inc.

7. Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, Stan Gerbrandt and Wija Carbajal, were and are residents domiciled in the State of California, County of Ventura, and a citizen of the State of California.

C. The Claims

8. This action seeks a rescission of the Professional Liability Policy HN037571 issued by Plaintiff to CMISC, and a judicial declaration that the policy provides no coverage and gives rise to no obligation on the part of Plaintiff to either defend, indemnify, or otherwise extend any benefits of any type on behalf of CMISC and Dr. Chiu for the claims of Stan Gerbrandt and Wija Carbajal, as set forth in their medical-negligence lawsuit filed in Ventura County Superior Court Case No. 56-2021-00551038 (the underlying action).

9. On September 1, 2019, Dr. Chiu submitted a renewal application on behalf of CMISC for coverage with Plaintiff, attached as **Exhibit 1**. The application of, page 4, § VII(F), requested that CMISC check whether (1) any current or former employees or contractors had ever been indicted for, charged with, or convicted of, any act committed in violation of any law or ordinance, or (2) had ever been the subject of disciplinary or investigative proceedings, or a reprimand by a governmental license board or administrative agency, hospital or professional association. Both boxes were checked "NO," which Plaintiff relied upon to understand and believe that no employee or contractor of CMISC had been charged with any violation of law nor been the subject of disciplinary or investigative proceedings by a governmental license board.

10. The application (**Exhibit 1**) of page 4, § VIII(A) submitted by Dr. Chiu on behalf of CMISC for coverage with Plaintiff, also requested that CMISC check whether it has (independently or through a named insured) been involved now or in the past, directly or indirectly, in a claim, potential claim, or suit arising out of the rendering or failing to render professional services involving former or present partners, members of the corporation or any former or present employee or independent contractor of the corporation, partnership or organization, and if so, to identify the number of claims, potential claims, or suits. Dr. Chiu, on behalf of CMISC, checked "YES" and indicated the number of claims, potential claims, or suits as "1," which Plaintiff relied upon to understand and believe that CMISC and Dr. Chiu had only been involved in one prior

claim, potential claim, or suit arising out of the rendering or failing to render professional services.

11. Relying on the renewal application (**Exhibit 1**)**,** Plaintiff issued policy HN037571 to CMISC (**Exhibit 2**), which contained a Representation Endorsement. The Endorsement states as follows:

Representation Endorsement

1. By acceptance of this policy, each insured agrees, represents, and warrants that the statements and particulars made in all applications, including any statements and particulars made in any and all documents, supplemental pages or other attachments for the purposes of any application, are true and correct…
3. The representations made by an **insured** in the applications and attachments are the basis for the coverage provided, as well as the **company**'s calculation of the applicable premium. Therefore, it is understood and agreed that, to the extent permitted by law, the **company** reserves all rights, including the right to rescind this policy, or deny any coverage provided for a **claim** or **potential claim**, based upon any material misrepresentation made by any **insured**. As used in this condition, "material misrepresentation" means concealment, misrepresentation, omission or fraud which, if known by the **company**, would have led to refusal by the **company** to make this contract or provide coverage, or to make this contract or provide coverage on different terms or conditions… (emphasis added)

12. On February 23, 2021, the underlying action was brought by Stan Gerbrandt and Wija Carbajal against Dr. Chiu, California Spine Institute Medical Center, Inc. (California Spine) and California Back Specialists, Inc., for "medical negligence." A true and correct copy of the complaint in the underlying action is attached hereto as **Exhibit 3**. Neither California Spine nor California Back are insureds under the policy Plaintiff issued to CMISC, policy number HN037571 (**Exhibit 2**).

13. The underlying action alleges that Defendants were negligent resulting in substantial and permanent injury to Stan Gerbrandt relating to a five (5) level discectomy performed on February 27, 2020 by Dr. Chiu which was not medically indicated. Plaintiffs in the underlying action further allege that Dr. Chiu voluntarily surrendered his

medical license to the Medical Board of California effective February 28, 2020, arising out of disciplinary proceedings against Dr. Chiu. It is alleged that Dr. Chiu evaluated and treated Mr. Gerbrandt by performing diagnostic studies and administering an injection into his right foot on February 28, 2020, at which time he was not a licensed physician.

14. On May 1, 2021, the underlying action was tendered to Plaintiff under its policy issued to CMISC, policy number HN037571 (**Exhibit 2**).

15. On June 11, 2021, Plaintiff advised CMISC and Dr. Chiu that it declined to provide a defense or indemnity to Defendants under the policy it issued to CMISC as none of the allegations in the underlying action were against any insured. Rather, the allegations were against Dr. Chiu as an unlicensed physician, and California Back and California Spine, neither of which are insured under Plaintiff's policy issued to CMISC.

16. On June 25, 2021, Plaintiffs in the underlying action filed an amendment to their complaint naming California Minimally Invasive Surgical Center, Inc. as a defendant. A copy of the amendment naming CMISC as a defendant in the underlying action is attached hereto as **Exhibit 4**.

17. Plaintiff thereafter discovered that Dr. Chiu had been named as a Defendant in seven (7) lawsuits alleging professional negligence and medical malpractice prior to executing CMISC's renewal application for coverage with Plaintiff.

18. Plaintiff further discovered that Dr. Chiu had been the subject of three disciplinary proceedings before the Medical Board of California (Case Nos. 17-2002-141331; 19-2011-2124264; and 05-2013-234396).

19. Material misrepresentations were made by Defendants CMISC and Dr. Chiu. Material facts were concealed by said Defendants. Defendants represented that no current or former employees or contractors had ever been indicted for, charged with, or convicted of, any act committed in violation of any law or ordinance, and had never been the subject of disciplinary or investigative proceedings, or a reprimand by a governmental license board or administrative agency, hospital or professional association. Defendants further represented they had only been involved in one prior

claim, potential claim, or suit arising out of the rendering or failing to render professional services.

20. Defendants CMISC and Dr. Chiu agreed to make full disclosures and represented that all statements and particulars made in all applications, including any statements and particulars made in any and all documents, supplemental pages or other attachments for the purposes of any application, were true and correct. Defendants represented that all statements in the applications and renewal applications for the policy were true and correct, and which Plaintiff relied upon to continue to renew and restate the policy. Based on the facts herein, Plaintiff seeks a declaration of its rights and obligations under the policy, and a declaration that it is entitled to rescind and deny coverage for the claims in the underlying action.

## First Claim for Relief
### (Rescission of Plaintiff's Policy No. HN037571 Issued to California Minimally Invasive Surgical Center, Inc. Against Defendants, CMISC and Chiu)

21. Plaintiff re-alleges and incorporates herein Paragraphs 1-19.

22. The representations made by Defendants CMISC and Dr. Chiu, including but not limited to the representations identified above, were in fact false and the true facts were misrepresented and/or concealed by Defendants CMISC and Dr. Chiu. Plaintiff did not know the representations made by Defendants CMISC and Dr. Chiu were false, but believed them to be true and reasonably relied on them. Plaintiff relied on Defendants CMISC and Dr. Chiu's honesty in completing the applications and supplemental information as identified herein and did not have reason to conduct any independent investigation to confirm the contents thereof except as identified herein. The misrepresentations made were material. Had Plaintiff known the true facts, it would not have entered into the policy of insurance and would not have rendered or accepted performance thereunder under the terms, premiums and condition thereof.

23.     Plaintiff did not discover Defendants CMISC and Dr. Chiu's material misrepresentations and concealment of their history of civil suits and disciplinary proceedings until after the underlying action was tendered. As a result, Plaintiff discovered that Defendants CMISC and Dr. Chiu had materially misrepresented and concealed the true history of prior claims and disciplinary actions against them.

24.     Plaintiff has suffered and continues to suffer substantial harm and injury if the professional liability policy **(Exhibit 2)** is not rescinded in the following ways:

    a. It has performed and will continue to perform under an insurance contract it would not have otherwise entered into had it known the true facts;

    b. It has incurred and will incur expense in providing a defense to Defendants in connection with the underlying action of not less than $200,000;

    c. Defendants' judgment creditors will likely seek to hold Plaintiff liable for the indemnification of the judgment or settlement for injuries and damages against Defendants in connection with the Plaintiffs' claims in the underlying action of not less than $1 million.

25.     Plaintiff intends service of the summons of the Complaint in this action to serve as notice of rescission of the Professional Liability Policy (**Exhibit 2),** and hereby offers to restore all consideration furnished by Defendants CMISC and Dr. Chiu under the Policy, specifically all premiums paid by Defendants to Plaintiff for professional liability coverage.

Complaint for Declaratory Relief and Rescission of Contract

## Second Claim for Relief

## (Declaratory Judgment Against All Defendants)

26. Plaintiff re-alleges and incorporates herein Paragraphs 1-24.

27. There is an actual and continuing controversy between Plaintiff and Defendants, and each of them, regarding their rights and obligations in having Plaintiff provide coverage for the underlying action and the claims arising therefrom under its policy of insurance **(Exhibit 2)**. Plaintiff claims and contends there is no coverage under its policy of insurance (**Exhibit 2**) and that the policy of insurance is void as a result of material misrepresentations and concealment. Defendants, and each of them deny and dispute such contentions and claim and contend that there is coverage under the policy.

28. There is no expeditious remedy available at law and Plaintiff requires an adjudication of its rights and obligations and the rights and obligations of the parties herein for the underlying action.

WHEREFORE, Plaintiff prays for relief as follows:

As to the First Claim for Relief

1. That this Court declare that Policy HN037571 **(Exhibit 2)** issued to CMISC has been and is rescinded;

2. That this Court declare that Plaintiff has no further obligation to defend and/or indemnify or extend any benefit on behalf of Defendants, California Minimally Invasive Surgical Center, Inc., John C. Chiu, M.D., Stan Gerbrandt, Wija Carbajal, or any other person or party, with respect to any claim arising from the underlying action;

3. That Defendants CMISC and Dr. Chiu be ordered to reimburse and return to Plaintiff all legal fees, costs, benefits and payments, past, present and future incurred by Plaintiff in connection with the underlying action, less any premiums paid by Defendants to Plaintiff.

As to the Second Claim for Relief

1. A judicial declaration by this Court that Plaintiff is not obligated under its Policy of Insurance HN037571 **(Exhibit 2)** to indemnify defend or otherwise extend benefits on behalf of Defendants CMISC or Dr. Chiu or any person or party with respect to any liability, claim, demand, injury or benefit which they may incur as the result of any claims arising out of the underlying action by Plaintiffs in the underlying action, Stan Gerbrandt and Wija Carbajal.

As to All Causes of Action

1. For costs of suit and such other and further relief as the Court deems just and proper.

DATED: October 26, 2021                GRANT, GENOVESE & BARATTA, LLP


By: _____
JAMES M. BARATTA
LANCE D. ORLOFF
Attorneys for Plaintiff, THE MEDICAL PROTECTIVE COMPANY OF FORT WAYNE, INDIANA